PETER FROST & ux. versus JONATHAN R. DEERING.

The practice of executing the deed by the wife, in order to bar her of her claim to dower, at a time many days subsequent to that on which the husband had executed it, is common and unobjectionable.

It is a well settled rule, that a deed, or other instrument, is well executed, if the name of the party be put to it by his direction and in his presence, by the hand of another person. And the wife may well so execute a deed releasing her right of dower.

And it is as competent for her to have her name so placed by her husband, by her direction, as by any other person.

The words in a deed, " In witness whereof I, the said C. L. and S. wife of the said C. L. in token that she relinquishes her right to dower in the premises, have hereunto set our hands and seals," are sufficient for the purpose.

Where the subscribing witnesses have been called, and have failed to prove the execution of the deed by her, wherein she relinquishes her claim, the admissions of the demandant in a writ of dower, made during her widowhood, of her having executed the deed, are admissible as the next best evidence of the fact.

AT the trial of this action of dower, before EMERY J., the subscribing witnesses to the deed from Caleb Lassell, jr., described as of Hollis, to the tenant, by which he claimed that Mrs. Frost, then the wife of Lassell, had relinquished her right of dower, stated that they did not see her sign it, as it was executed by the husband at the place where it was written, she not being then present, and carried away. The tenant then offered evidence to prove her declarations, "as to her having signed said deed, and as to her having requested her husband, said Caleb, jr., to sign it for her." This was objected to by the plaintiffs, but was received by the presiding Judge. Her admissions were proved, some made when her husband, the grantor, was present, some, during his life, when he was not present, and some made after his death and before her intermarriage with Frost. In some instances she stated that she had signed the deed, merely, and in others, that she requested her then husband to sign the deed for her, and that he so did. In these conversations she said that the tenant gave her three dollars at the time of signing. The closing words of the deed immediately preceding the date, were these : — " In witness

whereof I, the said Caleb Lassell, *junior*, and Susan, wife of said *Caleb Lassell,* in token that she relinquishes her right to dower in the premises, have hereunto set our hands and seals, this," &c. Another person, described as " Caleb Lassell of Waterborough," was mentioned in the descriptive part of the deed.

The verdict for the tenant was to be set aside, if the testimony was erroneously admitted, or if the defence was not made out.

*Howard,* for the plaintiffs, contended that a married woman cannot bar herself of dower, unless by a deed executed by her with her husband, at the same time, and part of the same transaction, or by a subsequent deed, reciting the conveyance of her husband. Here, if there was evidence of her signing, it was neither an execution with her husband of his deed, with apt words to bar her of dower, nor a subsequent deed of her own, referring to her husband's. *Fowler* v. *Shearer,* 7 Mass. R. 14 ; *Rowe* v. *Hamilton,* 3 Greenl. 63 ; Stearns, 289 ; *Powell* v. *Monson & Brimfield Man'g Co.* 3 Mason, 347.

If the testimony was admissible, it does not show, that there was any legal signing of the deed by her. She could not make her husband her agent or attorney to sign the deed for her. It is no deed of hers. And if she could make her husband her agent, it could not be done by parol. Nor is the parol consent of the husband, after the deed is executed by him, at another time, a sufficient assent.

A signing afterwards, did not adopt the covenants in the deed. They were no estoppel. At most it was a bare release of a right which did not exist at the time, and there is no estoppel to prevent her claiming dower, when it did accrue.

A power to execute a deed for another, must be in writing and under seal. The whole parole evidence was therefore erroneously admitted.

*Bradley,* for the defendant, said that the evidence was rightly admitted. It was the best evidence the nature of the case would admit. As the subscribing witnesses failed to prove the execution of the deed by her, other evidence to show the fact was admissible. Her own statements are the most satisfactory.

1 Peters, 596; 1 Greenl. 62, note; *Whitaker* v. *Salisbury*, 15 Pick. 544; *Pelletreau* v. *Jackson*, 11 Wend. 110, 123.

Her acknowledgment was the highest and most satisfactory evidence, when no witness who saw her sign could be produced. *Hall* v. *Phelps*, 2 Johns. R. 451; *Fox* v. *Reil*, 3 Johns. R. 477.

It is contended, that the evidence proved that the signing by her was a signing with her husband. The true rule is, that it is sufficient, if it be a signing of the same deed and for the same consideration, so as to make it a part of the same transaction. And the law is thus laid down in the case cited for the plaintiffs from 3 Mason, 347.

She did not make her husband her agent or attorney to sign the deed for her. She was present at the time, and because she could not write, requested her husband to write for her. It was her own act and own signature.

The opinion of the Court was afterwards drawn up by

WHITMAN C. J. The plaintiffs claim dower in right of the wife, in the premises described, she having been, before her intermarriage with Frost, the widow of Caleb Lassell, jr. The defendant claims under a deed from said Caleb, purporting to be signed by Mrs. Frost during the coverture of the said Caleb, releasing her right of dower in the premises.

The subscribing witnesses testified, that they did not see her sign the deed; and there was evidence tending to show, that the signature was not hers. But a witness was produced, who testified to her admissions, during her widowhood, that she did sign it, and that she received a gratuity for so doing. Another witness testified, that she in the time of her widowhood, stated that she did not sign the deed herself; but that she could not claim her dower in the premises, because her husband had put her name to it by her request.

The plaintiffs contended that the evidence, at the utmost, only shows, that her former husband put her name to the deed, at her request, some days after he had executed it himself; and, that this was not such a joint execution of the deed with

Frost *v.* Deering.

him as to bar her of her right of dower; and that she could not authorize him so to put her name to a deed; and furthermore, that the deed itself contains no apt words to convey the right of the wife to her dower.

The objections thus made, it is believed, are not tenable. It is no uncommon occurrence for joint obligors, and joint grantors to execute their deeds at different times; and it never, probably, occurred to any one to object, that their deeds were, thereby, prevented from operating conjointly; and the practice of executing the deed by the wife, in order to bar her of her claim to dower at a time, many days subsequent to that at which the husband had executed it, is equally common and equally unobjectionable.

The authorities are perfectly clear, that a deed, or other instrument, is well executed, if the name of the party be put to it by his direction, and in his presence, by the hand of another person. And no reason is apparent to us why the wife might not as well so execute a deed, releasing her right of dower; nor why it should not be as competent for her to have her name so placed by her husband, by her direction, as by any other person. As to the terms used in the deed, indicative of the relinquishment of the right of dower, we see no reason to believe, that they are not apt and appropriate for the purpose. They are such as are usual in such cases.

It is furthermore objected, on the part of the plaintiffs, that the admissions of Mrs. Frost, made during her widowhood, of her having executed the deed, are inadmissible. To this we cannot yield our assent. The subscribing witnesses had been called, and failed to prove the execution of the deed by her. Her admissions thereupon became competent evidence. They were the next best evidence of the fact. Such evidence, under such circumstances, is not liable to objection as showing better evidence attainable by the defendant. Judgment, therefore, must be entered on the verdict.