RHODE v. LOUTHAIN and Another.

An authority by deed is necessary in order to bind the principal under seal.

It is not necessary to the execution of a bond that the party should write his name and affix his seal thereto. If on the instrument being shown to him, (his name and seal having been put on it by another,) he acknowledge it to be his act and deed, or use words equivalent to such acknowledgment, the jury may find it to be his deed.

The statement of a fact may be made by a witness to the best of his recollection or belief, or as he thinks the fact to be, and the evidence is admissible.

Evidence relative to the execution of a bond stated, which was considered sufficient to authorize the reading of the instrument to the jury.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of debt against the defendants in error on a single bond for the payment of 155 dollars and 40 cents, alleged to have been executed by the defendants and one *George Louthain*, since deceased. Plea, *non est factum*. Verdict and judgment for the defendants.

The plaintiff proved the following facts: *George Louthain*, the father of the defendants, was indebted to the plaintiff in the sum of 155 dollars and 40 cents, and about two hours before the bond was signed, the defendants, in consideration that the plaintiff would give six months' time for payment of said debt, told their father, *George Louthain*, to sign their names to a note for the same. The witness, the plaintiff, and *George Louthain*, then went into the house, and the defendants went to their work in the field. The witness wrote the bond and *George Louthain* signed it in the manner it appears to be signed. After the instrument was thus signed, the witness and the plaintiff went by where the defendants were at work, and told them that their names were signed to the note, and the witness said he thought the instrument was shown to the defendants, but he was not certain; and the defendants then said it was all right. *George Louthain* died about a year before the trial. The instrument referred to by the witness was as follows: "Six months after date, we or either of us promise to pay unto *Seymour Rhode* or order the just and full sum of 155 dollars and 40 cents, this 30th of 5th mo. 1839, for value received. (Signed) *George Louthain*, [L. S.] *Vintson D. Louthain*, [L. S.] *William P. Louthain*, [L. S.]"

The defendants objected to the admission of the bond as evidence, and the objection was sustained.

We have no doubt but that an authority by deed is necessary in order to bind the principal under seal. Paley on Agency, 157.—*Harrison* v. *Jackson*, 7 T. R. 203. But in the present case, the evidence tended to prove the defendants' acknowledgment of the bond. There was evidence tending to show, that after *George Louthain* had signed the bond in the manner it appears to be signed, that is, with the seals attached to it, it was shown to the defendants by the plaintiff, and that they said it was all right. It was not necessary for the defendants themselves to write their names and affix their seals to the bond. If upon its being shown to them after the names and seals had been put on it as aforesaid, they acknowledged it to be their act and deed, or used words equivalent to such acknowledgment, the jury might find it to be their deed. The evidence tended to prove such a case. It is true, the witness does not swear positively to the fact that the instrument was shown to the defendants when they said it was all right, nor was it necessary that he should. The statement of a fact may be made by a witness to the best of his recollection or belief, or as he thinks the fact to be, and the evidence is admissible. 1 Stark. Ev. 173.— 1 Greenl. Ev. 514. The jury will give to such evidence what weight they may think proper.

The evidence introduced by the plaintiff was, in our opinion, sufficient to authorize his reading the instrument to the jury. 2 Greenl. Ev. 243.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory*, for the plaintiff.

*J. Pettit* and *S. A. Huff*, for the defendants.