### Charles R. Fox and Others v. Amos Norton and Others.

As a general rule, a partner can not execute a specialty in the name of the firm, binding, as such, upon the firm.

A bond was declared upon, as the individual bond of two defendants. The bond offered in evidence was signed by one with the name of a copartnership composed of the two, but there was no evidence that it was executed by the one in the presence of the other, or that the other had previously assented to its execution, or subsequently recognized or ratified it as the act or obligation of the firm. *Held*, that the action could not be maintained.

*Heard April 12th. Decided April 19th.*

Error to Ottowa Circuit. The case is sufficiently stated in the opinion.

*Withey & Gray*, for plaintiffs in error.

*J. T. Holmes*, for defendants in error.

CHRISTIANCY J.:

Was the bond properly admitted in evidence? This is the first and most important question in the case.

The declaration is upon a bond described as the bond of all the defendants below — Charles R. Fox (master of the steamer Empire), Thomas D. Gilbert and Francis B. Gilbert, sealed with their respective seals—and the obligation to pay is described as the joint obligation of all.

The bond offered in evidence describes the obligors as Charles R. Fox (present master of the steamer Empire), and *Gilbert & Co.*, and is conditioned that the said Charles R. Fox, and Gilbert & Co. shall pay, &c., and signed

"CHARLES R FOX,             [SEAL.]"
"GILBERT & Co.              [SEAL.]"

The individual names of the Gilberts do not appear upon the bond. It was however proved that Thomas D. Gilbert and Francis B. Gilbert were, at the date of the bond, partners composing the firm of Gilbert & Co., and that the said Thomas D. Gilbert executed the bond in the name of the firm. But no evidence was given or offered, showing or tending to show that the bond was executed by the single partner in the presence of the other partner, nor that the other partner had previously assented to its execution, nor that he subsequently recognized or ratified it as the act or obligation of the firm.

We understand the general rule of law to be well settled, that (with the exception of the release of a debt, which stands upon peculiar grounds , one partner can not execute a specialty binding, as such, upon the firm, without express authority for that purpose under seal. The English decisions recognize but a single exception to this rule, and that is when the single partner executes the instrument in the presence, and with the assent of the other member or members of the firm.

But, by the general current of American authorities, the instrument may also be sustained against the firm by proof of prior parol assent, or subsequent parol ratification by the other member.

We are aware of no case which goes further. See the authorities collected in *Story on Cont.* §§ 218, 220; *Story on Part.* § 117 *et seq.*; *Collyer on Part.* (*Perkins' ed.*) §§462 to 467.

The bond in this case was not admissible under the general rule, and no evidence was given tending to bring it within any of the recognized exceptions to the rule. It was therefore improperly admitted. The bond not being in evidence, and all the other questions raised in the case being dependent upon the bond, such dependent questions have no bearing upon the case before us, and we do not deem it necessary to notice them here.

Fox v. Norton.

The judgment must be reversed with costs, and a new trial ordered.

MANNING and CAMPBELL JJ., concurred.

MARTIN CH. J. was absent.