## JANSEN v. McCAHILL AND WIFE.

A CERTIFICATE to the acknowledgment of a conveyance by a married woman which states that she was made acquainted with the contents of the instrument, without stating that this was done by the certifying officer or any particular person, complies with the law and is valid.

The Notary who certifies to an acknowledgment is a competent witness to establish the due execution of the conveyance, against the denial of the person by whom his certificate states it to have been acknowledged.

A statement by an alleged grantor to the Notary who certified to the acknowledgment, that the signature is his, is good evidence of the execution, and may be proved by the officer.

Where the signature of the grantor is, at his request and in his immediate presence, affixed by a third person, it is as much the deed of the former as if signed by himself.

APPEAL from the Fifteenth Judicial District.

This is an action brought by C. J. Jansen against James McCahill and Ellen McCahill his wife, to foreclose a mortgage alleged to have been executed by defendants to secure a note made by James McCahill to Jansen, Bond & Co., and by them indorsed to plaintiff. The wife alone defended, alleging that the premises were at the date of the mortgage the homestead of herself and husband, and denying that she ever executed the mortgage.

Attached to the instrument was a certificate of acknowledgment by the wife, which was otherwise in proper form and stated, that " after being made acquainted with the contents of said instrument" she acknowledged, etc., without stating by whom she was made acquainted. Defendant objected to the introduction of the mortgage, on the ground that the acknowledgment was insufficient. Plaintiff then called the Notary who had certified to the acknowledgment, as a witness to prove its execution. Defendant objected to his competency, on the ground that he was interested to establish the genuineness of the signature and relieve himself from the consequences of his insufficient certificate, which objection was overruled, and she excepted. The evidence in regard to the execution was then given as stated in the opinion, upon which the Court admitted the instrument in evidence, and defendant excepted. Plaintiff had judgment, and defendant appeals.

*Brown & Graves*, for Appellant.

I.   The complaint is ambiguous, unintelligible, and uncertain, in this, that it alleges the making of a note payable to Jansen, Bond & Co., to secure the payment of which the mortgage is alleged to have been executed, but sets out a mortgage made to Charles J. Jansen to secure the payment of a note wherein the said Charles J. Jansen is alleged to be the payee.

II.   The Court erred in admitting the mortgage in evidence.

The premises were the homestead of the defendants at the time of the alleged execution, and the same formalities attach to their conveyance as though the premises were the separate property of the wife.

By the twenty-second section of the act concerning convey-ances, it is made necessary that the wife be made acquainted with the contents of the instrument.   By whom?   Of course, by the officer taking the acknowledgment.   He must certify to the fact of her being made acquainted; and in order to do so, he must impart its contents to her.   He certifies to his own act in this respect.

The acknowledgment being essential to the validity of the instrument as a mortgage upon the homestead, the defect in the certificate could not be cured by parol proof.

III.   The Notary was incompetent to prove the execution.   He was directly interested in establishing the regularity of his acts, as well as supplying any omission in the matter or form of the acknowledgment, as he would be liable to plaintiff for any loss resulting from his official neglect.

IV.   The evidence was insufficient to show that Mrs. McCahill executed the mortgage.

*Hereford & Williams*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to foreclose a mortgage upon property claimed to be a homestead.   The plaintiff recovered judgment, and the wife appeals.   The wife demurred to the complaint, on the ground that it is unintelligible, ambiguous, and uncertain; the demurrer

was overruled, and she assigns this as error.  There is no founda-
tion for the demurrer.  The complaint is certain, intelligible, and
clear of ambiguity in all its material allegations.  It is objected
that the certificate of the Notary Public, of the acknowledgment of
the mortgage by the wife, is defective and insufficient, because it
does not state that he, the officer, made her acquainted with the
contents of the instrument.  The certificate states as follows : "And
the said Ellen McCahill, after being made acquainted with the
contents of said instrument, acknowledged," etc.  This is clearly
sufficient.  The statute does not require that the contents of the
instrument shall be made known to the wife by the officer.  It is
sufficient if she is made acquainted with the contents by any per-
son, that the officer knows that fact, and that it is duly certified to
by him in the certificate of acknowledgment.  It is also assigned
as error that the Court erred in permitting the Notary to testify
respecting the execution and acknowledgment of the mortgage.
The wife filed an answer in which she denied that she signed the
mortgage or executed it under her hand and seal, or that she
acknowledged having signed it.  We see no valid objection to the
competency of this witness to testify upon the question of the exe-
cution of the mortgage and all that occurred at the time of its
acknowledgment.  As we have shown, the certificate of acknowl-
edgment was sufficient, and needed no evidence to support it.  It
is also objected that the proof of the execution of the mortgage by
the wife was insufficient.  The Notary Public testified that he asked
the wife if that was her signature, and she said it was, but he did
not see her sign it.  The defendant called her daughter as a wit-
ness, who testified that she wrote her mother's name to the mort-
gage in her presence and at her request.  This evidence is clearly
sufficient.  The admission made by her to the Notary was good
evidence that it was her signature.  (2 Phillips' Ev., C. H. & E.'s
Notes, 501.)  The name of the wife being written by her daughter
in her presence and at her request, made it as much her signature
as though it had been written by herself.  (*Ball* v. *Dunsterville*,
4 Term, 313 ; *Gardner* v. *Gardner*, 5 Cushing, 483 ; *King* v.
*Longuor*, 4 Barn. & Ad. 647 ; *Frost* v. *Deering*, 21 Maine, 156.)
  Judgment affirmed.