OSMOND C. GOODELL *vs.* ISRAEL G. BATES *et al.*

A writ of replevin omitted the words "original writ" from the clause "provided the same is not taken, attached, or detained upon original writ, mesne process, warrant of distress, or upon execution as the property of the said    ," in the form prescribed by Gen. Stat. R. I. cap. 195, § 16.

*Held*, that this defect could not be objected to by the plaintiff in replevin.

*Held*, further, that a judgment for return and restoration was good notwithstanding the defect.

One of the principals to a replevin bond was a married woman and a minor.

*Held*, that her coöbligors could not take advantage of her disability to avoid the bond.

*Held*, further, that only the married minor and the defendant in replevin could take advantage of her disability.

A deed signed by B. with A.'s name in A.'s presence and under A.'s direction, is the deed of A.

If one whose name is signed by another to a deed so far acknowledges the deed as to induce third persons to act on it as his, he may, without evidence in writing of an estoppel, be held precluded from subsequently denying the deed.

EXCEPTIONS to the Court of Common Pleas.

*January* 26, 1883. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. It is debt on a replevin bond, the defendant in replevin, who is the plaintiff here, having recovered judgment for return and restoration. The writ of replevin was defective in that it omitted the words "original writ" in the proviso or exemption clause. In *Parker* v. *Palmer*, 13 R. I. 359, this court held that such an omission, objected to by

the defendant, was fatal to the writ without amendment. The court did not hold that the writ was utterly void, for, if it had so held, it could not have permitted an amendment. We do not think the defect is one of which the plaintiff in replevin, who is himself responsible for it, can take advantage ; but, on the contrary, we think a judgment for return and restoration is good against the plaintiff in replevin, in spite of the defect. The first three exceptions must therefore be overruled.

The action of replevin was brought against the plaintiff by Adolphus D. Putnam and Fannie M. Putnam his wife. The bond was signed by said Adolphus and Fannie as principals, and by William R. Page and Israel G. Bates as sureties. The writ here was sued out against all four, but was only served on Page and Bates, and Bates alone answered the case. On the trial evidence was adduced to show that Fannie M. Putnam, when she signed the bond, was not only a married woman, but also an infant. The fourth and fifth exceptions are for the refusal of the court below to rule that a replevin bond given by an infant is voidable by such infant, and that such a bond, if voidable, is insufficient. We do not think the refusal was error, or at least material error, because we think that if the infant was not bound, the other obligors were nevertheless liable, the right to take advantage of the disability being confined to the infant and the defendant in replevin. The bond was voluntarily given, and to allow the obligors, who were *sui juris*, to set up the disability of a coöbligor to defeat it, would be to allow them to take advantage of their own wrong. The bond is good at common law, if not under the statute. *Morse* v. *Hodsdon*, 5 Mass. 314; *Simonds* v. *Parker*, 1 Met. 508; *Bigelow* v. *Comegys*, 5 Ohio St. 256 ; *Burgess* v. *Merrill*, 4 Taunt. 468; *Hartness* v. *Thompson*, 5 Johns. Rep. 160. Any technical objection to the joinder of the infant or *feme covert*, such as is noticed in *Porter* v. *Bradley & wife*, 7 R. I. 538, is obviated by the statute, Pub. Stat. R. I. cap. 204, §§ 31, 32, 34,[1] and the same statute obviates the other objections

---

[1] As follows :

SECT. 31. Whenever in any action the plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants with

in regard to the misjoinder of parties made by exception or motion in arrest of judgment. The sixth exception must be overruled for substantially the same reasons for which the fourth and fifth are overruled.

The eighth exception was for the refusal of the court below to instruct the jury that an authority to execute a deed must be given by deed, a mere verbal authority given by one person to another to affix the name of the former to the deed being insufficient. We do not think the refusal was an error under the circumstances; for though the bond was not signed by Bates with his own hand, there was evidence going to show that it was signed with his name, in his presence, and under his direction for him by his coöbligor, the defendant Page, and was afterwards jointly delivered by him and Page. If this evidence was true, the bond, if sealed when signed, which is not questioned, was as much the

---

a view of ascertaining which, if either, is liable, and the plaintiff shall recover only against such of the defendants as may be liable therein, and such as are not liable shall recover their costs.

SECT. 32. The plaintiff may join, as defendants in the same action, all or any persons severally or jointly and severally liable in any contract or specialty, including any or all the parties to a bill of exchange or a promissory note, and in every such action the judgment shall be rendered against such of the defendants only as shall be liable therein, and such, if any, as shall not be liable, shall recover costs against the plaintiff; and the court may, upon motion of a defendant in any such case, consolidate all pending actions or suits brought against the several parties to such contract or specialty, or may order other parties to the contract or specialty to be made defendants, and to be summoned in to answer to such action or suit; and in all such cases while the property of a surety, indorser, or drawer may at any time be attached, that of the promisor, acceptor, or principal, properly before the court, if any he has within its jurisdiction, if not attached on the original writ, may be attached on mesne process or execution, and shall be first applied in the satisfaction of any judgment recovered therein.

SECT. 34. No action shall be defeated by the misjoinder of parties, if the matter in controversy can be properly dealt with and settled between the parties before the court ; and the court may order any party improperly joined in any action to be stricken out, or may, upon such terms as may be proper, order any other person to be made a party to such action, and to be summoned in to answer thereto ; and in any case the court may, and upon the request of either party it shall, direct the jury to return a special verdict upon any issue submitted to the jury.

bond of Bates as if he had signed it himself. He did sign it himself in contemplation of law, using the hand of Page to affix his signature. *Gardner* v. *Gardner*, 5 Cush. 483 ; *Kime* v. *Brook*, 9 Ired. 218 ; *Jansen* v. *McCahill*, 22 Cal. 563 ; *Frost* v. *Deering*, 21 Me. 156 ; *Rhode* v. *Louthain*, 8 Blackf. 413 ; *Byers* v. *McClanahan*, 6 Gill & J. 250 ; *Pierce* v. *Hakes*, 23 Pa. St. 231 ; *Ball* v. *Dunsterville*, 4 Term Rep. 313 ; *Rex* v. *The Inhabitants of Longnor*, 4 B. & A. 647.

The last exception is for a ruling stated in the bill of exceptions as follows, to wit : " The defendant Bates requested the court to charge the jury, that if a person without any or sufficient authority affix the name of another to a sealed instrument, no subsequent parol ratification of such signature by such other person will render the contract obligatory upon him. Said request was allowed with the addition ' unless under circumstances amounting to an estoppel.' Said defendant requested the court to charge that such estoppel must be evidenced by writing. Said request was refused." We do not think the court erred in its refusal. It has been held in Massachusetts that a deed signed by one person in the name of another could be ratified by the latter by parol. *McIntyre* v. *Park*, 11 Gray, 102. We need not decide whether that be law in this State ; but surely if a person whose name was so signed to a deed should acknowledge it as his deed for the purpose of inducing a third person to act on it as his, he would or might be estopped, if such third person, induced by his acknowledgment, did act on it as his, from afterwards denying it to the detriment of the person so misled. Bigelow on Estoppel, 437–467.                                       *Exceptions overruled.*

*George N. Bliss & Harmon S. Babcock,* for plaintiff.
*Warren R. Perce & Marquis D. L. Mowry,* for defendants.