### E. C. CRUM ET AL. v. B. W. BROWN ET AL.

1. DEED.   *What a sufficient signing thereof by married woman.   Code of 1870.*
   It was (under the Code of 1870) a sufficient signing by a wife of a deed conveying her property where, when the deed was produced to be signed by her, her husband in her presence stated to an officer authorized to take acknowledgments that his wife could not write, and asked such officer to sign the deed for her; and thereupon the officer signed her name to the deed in her presence and without any objection from her, and immediately thereafter took her acknowledgment to such deed.   *Jones* v. *Gurlie,* 61 Miss. 423, cited.

2. SAME.   *Acknowledgment by married woman.   Certificate thereof.   How far impeachable.*
   And in the case above stated it is not admissible for such married woman to attack the certificate of her acknowledgment (taken under the Code of 1870) to the deed, except by showing fraud in the taking thereof.   *Johnston* v. *Wallace,* 53 Miss. 331, cited.

APPEAL from the Chancery Court of Alcorn County.

HON. BAXTER MCFARLAND, Chancellor.

This bill in equity was filed by Elizabeth C. Crum and husband against W. M. Inge, G. S. Inge, B. W. Brown, and Hiram Kennedy. The bill was dismissed on final hearing in the court below, and the complainant appealed.

The bill set out that in January, 1878, the son of complainants was indicted for shooting with intent to kill, and was committed to jail in default of a sufficient bail-bond ; that in order to secure the release of their son complainants executed on said date a deed to a certain tract of land, which was the separate property of Mrs. E. C. Crum, in favor of one Peter Crum. The bill further sets out that it was expressly agreed at the time the deed was made that it was made for the sole purpose of enabling Peter Crum to make the bail-bond for their son, and to save him harmless for so doing, and in the event he suffered no damage by reason of being on the bond that he was to reconvey the land to the complainants, and that the deed of conveyance was to operate as a mortgage ; that the sureties on the bail-bond, among whom was Peter Crum, have been released and no costs have accrued against them; that, notwithstanding this agreement, Peter Crum, by what purports to be a joint deed of conveyance with your complainants, did on the 25th day of June, 1878, sell the land to W. M. Inge and G. S. Inge, who had been the defendants' counsel in the case of the *State* v. *L. G. Crum,* the son of complainants ; that this conveyance purports to have been executed, delivered, and acknowledged by complainants before one W. L. Burrow, a member of the Board of Supervisors of Alcorn County, but that complainants never did acknowledge or sign this deed, or authorize the same to be signed for them in any manner, shape, or form ; that complainants are unlearned and cannot write their names, and that they never sanctioned or had any connection with the deed. It is also set out that Inge & Inge conveyed the land to B. W. Brown, and that Brown conveyed the same to Hiram Kennedy, all of whom had notice of the claim of complainants to the land. The bill prayed for a cancellation of these several conveyances and that a writ of assistance be issued to

put complainants in possession of the land. The defendants answered, denying all knowledge of the fact that the deed from complainants to Peter Crum was only to operate as a mortgage, and that the deed which purported to be signed and duly acknowledged by the complainants was not so done.

W. L. Burrow, the officer who had taken the acknowledgment of the deed, which purported to be from complainants and Peter Crum to Inge & Inge, was introduced by complainants, and testified as follows : " I saw the deed now exhibited to me. I was a member of the board of supervisors of this county at that time. They (complainants) did not sign the deed with their hands. They acknowledged the deed as their act and deed. Mrs. E. C. Crum never authorized me or any one in my presence to sign her name to this instrument of writing. I was satisfied of her willingness to acknowledge by her not refusing, when I told her what her husband had authorized. Her husband and father-in-law said to me to put her name there. She could not write." The defendants objected to this entire evidence on the ground that Burrow was incompetent to contradict his own certificate. The same witness was afterward introduced by the defendants, and testified substantially as above set out. The proof showed that the deed was subscribed for Mrs. Crum by the officer who took her acknowledgment in the circumstances above detailed in his testimony. Other facts developed by the evidence are stated in the opinion of the court.

*Spight & Marmon,* for the appellants.

Both Brown and Kennedy rely upon the deed to Inge & Inge for their title. Did Inge & Inge get any valid deed from appellants? No, if there is a word of truth in this whole record. Appellants both swear that they never signed the deed, nor authorized any one else to do so, and this is supported by the testimony of disinterested witnesses, who show that the officer who took the pretended acknowledgment certified to what he knew was false, and then, in order to avert serious consequences to himself, swore in this case what he knew was untrue. From his own testimony it is clear that Mrs. E. C. Crum was *not* examined *apart from her husband,* and did not state that she executed the deed *freely* and *vol-*

*untarily,* because not a word was spoken by her. It is objected by counsel for appellees that neither Burrow nor Mrs. Crum is a competent witness as to the contents of the certificate of Burrow. We have not objected to this testimony. The respondents introduced him, and without objection from appellants. They cannot be heard now to deny that his testimony is competent, because he does not make as good a case for respondents as they desired. We think he did his best, and ought not to have been required to strain his conscience any further.

By his own testimony he shows conclusively that he certified officially to what was untrue, and this is corroborated by the testimony of two other witnesses, independent of the testimony of complainants.

The conveyance of the wife, either of her homestead or of her separate property, is void unless *signed* by her and acknowledged " *apart* " from her husband. Neither of these requirements of law were complied with.

But it is insisted that appellants cannot be heard to contradict the certificate of the officer. This is true under certain circumstances. While general principles of law are good and sound in the abstract, yet each case must, in a great measure, be decided upon its own state of facts, and these facts must be applicable to the legal principles invoked.

. In the case at bar, the woman never signed the deed to Inge, and the signing of her name by Burrow was a forgery, and his certificate of acknowledgment a falsehood. To hold that she is precluded from showing the facts in such a case would be an outrage upon justice, and this court has so stated in *Allen* v. *Lenoir,* 53 Miss. 321. The case of *Johnston* v. *Wallace,* 53 Miss. 331, relied on by appellees, is not analagous to the one at bar, because there is no controversy or dispute as to Mrs. Johnston's having signed the deed in that case, and the allegation of fraud and imposition practiced on her by her husband, which was the *gravamen* of the bill, was shown to be utterly unfounded.

*J. M. Boone,* for the appellees.

Appellants seek to avoid the deed signed and acknowledged by

both appellants and Peter Crum, conveying this land to Inge &
Inge, on the ground that Mrs. E. C. Crum did not execute the
same.    I contend that that deed is upheld by the testimony.    The
only witnesses appellants introduced to contradict the certificate of
the officer was W. L. Burrow, the officer who took the acknowl-
edgment and Mrs. E. C. Crum herself.

Defendants in court below excepted to the deposition of
the said W. L. Burrow on the ground that the officer taking
the acknowledgment is incompetent to contradict his own
certificate, and his testimony on that point ought not to be
entertained.    *Stone et al.* v. *Montgomery et ux.*, 35 Miss. 105;
*Johnston* v. *Wallace*, 53 Miss. 335.

Mrs. Crum then is the only witness whose testimony stands
against the certificate, and this court has said in the case of *Allen* v.
*Lenoir*, 53 Miss. 321, that the testimony of the woman alone, with-
out any corroborating circumstances, is not sufficient to overthrow
the certificate of the officer.

I contend that according to her own testimony the certificate is
good for this.    She admits that she went to the officer's house for
the purpose of acknowledging the deed, that she appeared before the
officer, and was interviewed by the officer touching her acknowl-
edgment of the deed.    Therefore his certificate cannot be ques-
tioned as to the truth of its statements as against a *bona fide*
purchaser.    *Johnston* v. *Wallace*, 53 Miss. 335.

COOPER, C. J., delivered the opinion of the court.

Whatever may have been the purpose for which the conveyance
of the lands in controversy was made to Crum, it is manifest from
all the testimony that Inge & Inge received what purported to be
a deed signed and properly acknowledged by Peter Crum, J. A.
Crum, and Mrs. E. C. Crum, the appellant, and that they accepted
the conveyance as payment for services rendered at the request of
some one or more of the grantors in that deed.    So whether Peter
Crum was owner of the property or was only a mortgagee thereof,
Mrs. Crum being the real owner, is wholly immaterial, unless Mrs.
Crum can assail this conveyance by evidence that her acknowl-

edgment to it was not properly taken (though properly certified) by the officer, or by proving that the same was not signed by her. The facts by which she seeks to overturn this deed, as testified to by herself and husband, are that when the deed was produced to be signed by her, her husband in her presence stated to the officer that Mrs. Crum could not write, and asked him to sign her name for her. In accordance with their request, the officer at the time, in her presence and without any objection made by her, signed her name to the deed and immediately took her acknowledgment thereto. This was a sufficient signing by Mrs. Crum, for though she did not personally hold the pen and inscribe her name, it was done by one acting for her with her knowledge, in her presence, and practically by her request. *Jones* v. *Gurlie,* 61 Miss. 423; *Ball* v. *Duntersville,* 4 T. R. 313; *Frost* v. *Deering,* 21 Maine 156; *McKay* v. *Bloodgood,* 9 Johns. 285; *Gardiner* v. *Gardiner,* 5 Cush. 483.

That it was not competent to show the acknowledgment was not taken in strict compliance with the statute is authoritatively settled in this State. *Johnston* v. *Wallace,* 53 Miss. 331.

*The decree is affirmed.*