77 305
86 148

## M. CLEMENT PALMER v. JACOB SELIGMAN ET AL.

*Principal and agent—Execution of sealed bond—May be ratified by parol—Question of fact for jury.*

1. The execution by a traveling salesman of a non-resident firm of a bond of indemnity, under seal, in the name of the firm, in an attachment suit brought to collect a debt due the firm and contracted in the ordinary course of their business, although without express authority under seal, may be ratified by parol, which ratification may be shown by facts and circumstances; and the question of such ratification is for the jury, when there is testimony tending to show it, and inferences to be drawn from such testimony.

2. The Court does not depart from *Fox v. Norton*, 9 Mich. 207, but distinguishes that case from the one at bar in that in that case the execution of the bond by Gilbert & Co., as *sureties*, was not within the scope of their business, and to bind the partner who did not execute the instrument, in the absence of authority under seal, some previous assent or subsequent ratification as the act or obligation of the firm was requisite to be shown.

Error to Wayne. (Gartner, J.) Argued October 15, 1889. Decided November 1, 1889.

Debt. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*McGarry & Ford* (*W. W. Mitchell*, of counsel), for appellant, contended:

77 MICH.—20.

1. The rule contended for by defendants' counsel that the authority of Pollasky should have been under seal is a purely technical one, and the disposition of American courts is to relax its strictness, especially in its application to partnership and commercial transactions; citing *Starkweather v. Martin*, 28 Mich. 471–479; *Worrall v. Munn*, 5 N. Y. 229, 239; Story, Part. §§ 121, 122; *Anderson v. Tompkins*, 1 Brock. C. C. Rep. 462; *Tapley v. Butterfield*, 1 Metc. 515; *Everit v. Strong*, 5 Hill, 163.

2. The addition of a seal to an instrument valid without it, by one without special authority, does not vitiate the instrument; citing *Milton v. Mosher*, 7 Metc. 244.

3. If an agent unnecessarily affixes a seal to an instrument which is not required by law it may operate as an unsealed instrument, and the ratification need not be by seal; citing *Ledbetter v. Walker*, 31 Ala. 175; *Despatch Line v. Bellamy Co.*, 12 N. H. 205; *Cooper v. Rankin*, 5 Binn. 613.

4. Absence of a seal from a bond in this State does not invalidate the instrument; citing How. Stat. § 7778; *Bank v. Ziegler*, 49 Mich. 157; *Lockwood v. Bassett*, Id. 549; *Fowler v. Hyland*, 48 Id. 181; *McKinney v. Miller*, 19 Id. 151.

5. L. Newbauer & Sons evidently knew that the bond had been given, and that proceedings were being carried to effect in reliance upon it. Pollasky, and their attorneys, knew it had been given, and it was their duty to have informed their principals of the fact, and, in the absence of contrary proof, they will be presumed to have performed their duty; citing *Sutton v. Dillaye*, 3 Barb. 529; *Meehan v. Forrester*, 52 N. Y. 277; *Ingalls v. Morgan*, 10 Id. 178; *Hovey v. Blanchard*, 13 N. H. 145; *Smith v. Commissioners*, 38 Conn. 208; *Philadelphia v. Lockhardt*, 73 Penn. St. 217; *Slater v. Irwin*, 38 Iowa, 261; and upon principles of policy it must be taken for granted that the principal knows whatever the agent knows; citing Story, Ag. § 140; *Jeffrey v. Bigelow*, 13 Wend. 518; *Bank v. Davis*, 2 Hill, 461.

6. A person whose agents and representatives are competent and well informed as to all matters affecting their principal's interest, cannot well plead want of notice of anything which his agents know; citing *Morgan v. Railroad Co.*, 57 Mich. 431.

7. A principal who is informed of an unauthorized act done by his agent, must give notice of his dissent within a reasonable time or his assent and ratification will be presumed; citing *Cairnes v. Bleecker*, 12 Johns. 300; *Jarvis v. Hoyt*, 2 Hun, 637; *Johnson v. Wingate*, 29 Me. 404.

*Wisner & Draper*, for defendants Seligman and Doyle, contended:

1. An authority to an agent to execute an instrument under seal, in the absence of the principal, must in all instances be under seal, and can be conferred in no other way; citing Bishop, Cont. § 1045; *Wheeler v Nevins*, 34 Me. 54; *Hanford v. McNair*, 9 Wend. 54; *Blood v. Goodrich*, Id. 68; *Graham v. Holt*, 40 Am. Dec. 480; and the rule is also well settled that the act of an agent in executing a sealed instrument for the principal cannot be ratified by parol; citing *Blood v. Goodrich*, 12 Wend. 525; *Heath v. Nutter*, 50 Me. 378.

2. The law in this State is, that one partner cannot authorize an agent to execute a bond so as to bind the firm, without special authority; citing *Fox v. Norton*, 9 Mich. 207; *Russell v. Annable*, 109 Mass. 72.

3. This Court has said that the statutes referred to by counsel for appellant have not made an unsealed instrument a sealed one; citing *McCormick v. Bay City*, 23 Mich. 460.

CHAMPLIN, J.   The bond in suit was given to the sheriff of Montcalm county to indemnify him against loss, costs, and damages in case he would levy an attachment issued out of the circuit court for the county of Montcalm, wherein Lewis Newbauer, Nathan Newbauer, Edward Newbauer, and Charles Newbauer were plaintiffs, and Louis Simon was defendant, upon certain goods and chattels which appeared to belong to Louis Simon, but which were claimed by Isabella Lewis, of the village of Edmore. The plaintiffs in the attachment suit composed a partnership under the firm name of L. Newbauer & Sons, and their place of business was Milwaukee, Wisconsin.

The bond stated that L. Newbauer & Sons as principals and Jacob Seligman and Edward H. Doyle as sureties, were held and firmly bound unto John Q. Crippen, Esq., sheriff of the county of Montcalm, State of Michigan, and was signed as follows:

"L. NEWBAUER & SONS.      [L. S.]
       "Per M. E. Pollasky. .
"JACOB SELIGMAN.      [L. S.]
"E. H. DOYLE.      [L. S.]"

After the bond was delivered to the sheriff, the attach-

ment was levied upon a stock of goods as being the property of Louis Simon; and thereupon one Isabella Lewis brought trover against the officer levying the attachment, and recovered judgment. The goods seized were sold under an order of the court, and the proceeds held until final judgment was obtained, and the avails were then paid over to the attorneys of L. Newbauer & Sons. This suit is brought by the assignee of the sheriff upon the indemnity bond. It appeared that M. E. Pollasky was a traveling salesman for L. Newbauer & Sons, in Michigan, who were non-residents of the State of Michigan, and that he employed attorneys, and instituted the attachment suit. The sheriff refused to levy upon the goods mentioned until he was secured, and the aforesaid bond was given. In this suit the members constituting the firm of L. Newbauer & Sons were made parties defendant, but were not served with process. The sureties were served, and appeared, and defend upon the ground that they were induced to sign the bond as sureties by the representations made to them that said bond had been duly signed and executed by the principals therein named, and that such representations were false and fraudulent.

Upon the trial the plaintiff introduced testimony showing the circumstances under which the bond was given, and also testimony tending strongly to show ratification of the act of Pollasky in executing the bond, on behalf of the principals.

The deposition of Mr. Pollasky was taken in behalf of the plaintiff, and we must say that his testimony does not impress us that he testified with candor. Whether he did or not was a question for the jury, but the circuit judge did not permit the case to go to the jury. Pollasky testified that, at the time he signed the bond in the name of L. Newbauer & Sons, he had no written

authority under seal to do so.   At the close of the testimony the plaintiff offered the bond and assignment thereof in evidence.   The counsel for defendants Seligman and Doyle objected, on the ground that the authority of the agent to sign the bond for the principals had not been shown.   The court sustained the objection, excluded the bond and assignment from the evidence, and directed the jury to render a verdict for defendants.

Although no express authority under seal was shown by which Pollasky was authorized to execute the instrument, yet his act in so doing could be ratified by parol, and this ratification may be shown by facts and circumstances; and the question of ratification, where there is testimony tending to show it, and inferences to be drawn from it, is for the jury.   We do not depart from *Fox v. Norton,* 9 Mich. 207.   There is, however, a material difference between that case and this.   In that case the bond was executed to procure the discharge of a steam-boat which had been attached under the boat and vessel law, and Gilbert & Co. signed as sureties.   Going security upon such a bond was not in the scope of their business; and to bind the partner who did not execute the instrument, in the absence of authority under seal, some previous assent or subsequent ratification as the act or obligation of the firm was requisite to be shown.

In this case the firm is the principal named in the bond, and it was given in a suit instituted by them to collect their own debt due from a creditor.   To entitle the plaintiff to recover, however, in this suit, it is incumbent upon him to show that the principals executed the bond, as well as that the sureties did; for the action is brought jointly against the principals and sureties.   But the plaintiff may show the execution by showing either that Pollasky was duly authorized by them to execute the bond in their name, at the time, or that they have sub-

sequently ratified his act; and this latter he may show by facts and circumstances by which the jury may find ratification.

We think there was testimony which should have been submitted to the jury upon this question; and therefore reverse the judgment, and direct a new trial.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. MORSE, J., did not sit.