S. P. HUTCHINSON v. AZARIEL SMITH; FREDERICK ·W. MEYERS, AND CHARLES W. LONG.

*Attachment—Bond—Principal and agent—Evidence.*

Where in a suit upon a bond given in an attachment suit in justice's court, to which the principal's name was signed by the attorney who commenced the suit, the principal denies its execution under oath, and the testimony tends to prove the agency of the attorney, and the ratification of his act in bringing the suit by the principal, the bond should be received in evidence, as also testimony showing the manner of its execution. *Palmer v. Seligman,* 77 Mich. 305.

Error to Lenawee. (Lane, J.) Argued April 16, 1891. Decided May 21, 1891.

Debt. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*S. P. Hutchinson,* appellant, in *pro. per.*

*Watts & Smith,* for defendants.

MORSE, J. Hutchinson sued the defendants in the Lenawee circuit court upon a bond purporting to have been executed by Meyers as principal and Smith and Long as sureties, in an attachment suit in justice's court, wherein Meyers was plaintiff and Hutchinson defendant.

In this attachment suit Meyers obtained judgment before the justice for $21.80 damages and $6.15 costs, and $20.50 for costs of keeping attached animals. Upon *certiorari* to the circuit court this judgment was reversed and vacated, and a judgment entered in favor of Hutchinson for the sum of $64.63, and $21 costs. This judgment was founded on the fact that during the pendency

86 MICH.—10.

of the writ of *certiorari* in the circuit court, and before it was heard, execution was issued upon the justice's judgment, and the property levied upon by the attachment sold for $64.63. The amount so collected on this sale was the basis of this judgment.

In his declaration upon the bond given in the attachment suit the plaintiff in this suit avers that the property sold in the attachment suit was of the value of $320; that it was all sold, and he deprived of it, to his damage of $200; and that he paid out large sums of money for attorney's fees; and also alleging other damages.

Meyers filed an affidavit setting forth that he never signed, executed, or delivered the bond upon which the suit was brought.

Smith and Meyers filed a plea of the general issue, and gave notice that they would show, under such issue, that Smith at the time he signed the bond was informed by the defendant Long that Meyers had executed the same as principal, and requested and desired the said Smith to sign said bond as surety; that Smith, believing these statements of Long to be correct, and knowing Meyers to be a reputable man, and abundantly able and responsible financially, executed the bond, believing that he would be protected by Meyers; that they would further show that Meyers had not in fact signed the bond himself, nor at any time authorized any other person to sign or execute the bond in his behalf; and that said Meyers never authorized said Long or any other person to request the defendant Smith to sign or execute the same as surety for him.

Upon the trial the plaintiff first offered to introduce the files, and also the judgment entry, in the attachment suit of *Meyers v. Hutchinson.* This offer was rejected, on the ground that the same were immaterial. No exception

was taken to this ruling. Plaintiff then offered the bond. This was rejected on the ground that, the execution of the bond having been denied on oath by Meyers, the execution of it by him must be proven. No exception was taken. The files were then again offered to prove Long's agency. They were objected to, and ruled out as being incompetent. The plaintiff failed to except to this ruling. He then offered himself as a witness, and testified as follows:

" *Q.* You are the plaintiff in this suit.

" *A.* I am.

" *Q.* You met Mr. Meyers in Kalamazoo, did you?

" *A.* I did.

" *Q.* Did you have a conversation with him in regard to the original suit?

" *A.* I did; in his office.

" *Q.* State what conversation you had in regard to the matter.

" *A.* I was in Kalamazoo, and had a conversation with him in reference to the original suit. I dropped in to see him to effect a settlement before the suit was determined, and talked the matter over with him, and told him how the matter stood, and he said that he did not care to settle. I told him that I would settle there for less than a judgment,—for less than a judgment would cost him in the circuit court; and he says: 'Well, Mr. Hutchinson, I do not care to settle. We think we know how the matter stands. We employed Mr. Long to attend to our matters, and we will rest on his action.' Those are the very words he said to me. That was in the fall of 1888, along—I think it was—in October. I could give the exact date by referring to depositions I took at that time in Kalamazoo.

" *Q.* It was in 1888?

" *A.* In 1888. I called on Mr. Meyers on purpose for a settlement. He said that if I got any judgment against him he would pay it. What Mr. Long did was—

" *Mr. Smith:* We object to what you thought.

" No cross-examination."

The bond was then again offered in evidence, and rejected. The plaintiff thereupon rested his case, and

the circuit judge thereupon directed a verdict for defendants. The files which were offered in evidence and rejected would have shown that the defendant Long, purporting to act as the attorney of Meyers, made the affidavit in the attachment suit. The defendants' objection to the bond was that the defendant Meyers had denied its execution under oath. Exception was taken upon its second rejection.

The bond should have been admitted in evidence. The testimony of Hutchinson tended to prove the agency of the attorney, Long, who instituted the suit in which the bond was given, and also Meyers' ratification of Long's act in instituting the attachment suit. In all cases in attachment in justice's court the law requires the plaintiff to give a bond before the writ shall issue. Meyers recognized Long's agency in commencing the suit, and we think, if the testimony of Hutchinson is believed, there was testimony from which a jury might very properly infer a ratification of the acts of Long by Meyers in the institution of the attachment suit, including all he did in such suit. *Palmer v. Seligman*, 77 Mich. 305. Having given this testimony tending to show ratification, it was competent for the plaintiff to introduce the bond in evidence as testimony material to his case, and to supplement it by showing that Long signed Meyers' name to it. The court erred in rejecting the bond.

We think the files and judgment in the attachment suit were also admissible in evidence, but, as no exception was taken to the ruling of the court in this regard, the case is not reversed for this error.

The judgment below is reversed, and a new trial granted, with costs of this Court to plaintiff.

The other Justices concurred.