HENRY D. KOCH AND MARIA KOCH v. HERMAN ENDRISS AND THOMAS TUCKER.

*Partnership—Lease—Authority of partner—Ratification—Evidence.*

1. Where the execution of a lease, signed by one partner in the firm name, is denied under oath by the other partner, the burden of proof is upon the party claiming under the lease to show the authority of the partner thus to execute it.

2. Testimony showing an unsuccessful attempt by one of two partners to settle and cancel a lease, which he claims was executed by his copartner in the firm name without authority, by the payment of a portion of the rent, is no evidence of ratification.

3. One partner cannot bind the firm upon a specialty, except the release of a debt, unless he has express authority for that purpose under seal, or unless he executes the instrument in the presence of and with the assent of his copartner, or unless a prior parol assent or a subsequent parol ratification by such partner is shown; citing *Fox v. Norton*, 9 Mich. 207.

Error to Wayne. (Reilly, J.) Argued October 12, 1893. Decided November 10, 1893.

*Assumpsit.* Defendant Endriss brings error. Reversed. The facts are stated in the opinion.

*Charles Flowers,* for appellant.

*James H. Pound,* for plaintiff.

Long, J. Plaintiffs sued in an action of *assumpsit* upon a written lease for use and occupation of the premises in the lease described from August 1, 1889, to February, 1890. The case was commenced in justice's court, where defendant Endriss, with his plea, filed an affidavit denying the execution of the lease. Defendant Tucker pleaded the general issue. Plaintiffs had judgment, and the case was appealed by defendants to the Wayne circuit court, where it was tried before a jury, who returned a verdict in favor of plaintiffs. Defendant Endriss alone brings error.

It appears that the defendants, for some years, had been associated as partners in the wholesale liquor business. The lease was executed under seal April 19, 1888, for two years from May 1, 1888. Before the lease was executed, and on April 8, defendant Endriss had left the city of Detroit, and gone to Bermuda. In June he returned.

The lease was signed by Tucker in the firm name of
Tucker & Endriss.   On the trial the plaintiffs sought to
hold both defendants liable, and, before tendering the
lease in evidence, offered testimony tending to show that
before and at the time of the execution of the lease
defendants had been partners in business.   Mr. Koch tes-
tified that the lease was executed by Tucker in the firm
name of Tucker & Endriss; also, that after Mr. Endriss
returned from Bermuda he had a talk with him about the
rent, and Endriss sought to have some settlement of the
rent by paying a portion of it, and have the lease canceled.
Some testimony was also given that Mr. Endriss stated
that he had lived in the family of Tucker a portion
of the time in the house in question.   This was denied by
Endriss, who also testified that the lease was never signed
by him, and that Mr. Tucker had no authority to sign it
in the firm name.   It appears, also, that the first rent of
the premises was paid by Tucker by a check of Tucker &
Endriss, but Mr. Endriss never paid any of it personally.
The premises were occupied by Tucker as a residence for
himself and family, and Endriss claims he never occupied
the house but one night, which was upon an occasion when
he called on Mr. Tucker upon his return from Bermuda.

When the lease was offered in evidence, it was objected
to on the ground that its execution had not been proved.
It was admitted in evidence, and at the close of the testi-
mony the court directed the jury:

1. "If you believe that, prior to Mr. Endriss' going away,
it was understood that the firm's credit should be pledged
for the lease, and in accordance therewith it was so pledged,
then both defendants are liable."

2. "If the jury believe that defendant Endriss ratified
the action of Tucker, either by living in the house or by
recognizing his liability, then he is liable."

3. "If you believe from the evidence in the case that
the defendants occupied the premises a year and a quarter

as plaintiffs' tenants, this would operate as a ratification of the lease."

1. There was no evidence in the case to support this instruction. Mr. Endriss denies that he ever authorized the execution of the lease in the firm name. Mr. Tucker was not .called as a witness, and Mr. Endriss stands uncontradicted.

2. The only evidence, as before stated, that Endriss ever lived in the house, was given by one witness, who testified that Endriss told him he lived in the house with Tucker. This was denied. There was no evidence of ratification. The attempted settlement cannot be so construed. Endriss had a right to buy his peace, and evidently attempted to do so, but failed.

3. It has been seen that there was no evidence to support this charge.

It is a general rule of law that one partner cannot bind his copartner upon a specialty unless he is authorized under seal, or unless he executes the instrument in the presence of and with the assent of his partner, or unless there is prior parol assent or subsequent parol ratification. *Fox v. Norton,* 9 Mich. 207. The court was asked to instruct the jury to return a verdict in favor of defendants. This instruction should have been given. Endriss having denied the execution of the lease under oath, the burden of proof was upon the plaintiffs to show authority in Tucker to execute it. This was not done, and the lease was not entitled to be put in evidence.

Judgment must be reversed, and a new trial ordered.

The other Justices concurred.