R. S. PIERCE, *Plaintiff in Error*, v. M. L. DEKLE, C. C. LIDDON, AND J. D. SMITH, COMPOSING THE CITIZENS COMMITTEE, *Defendants in Error*.

AGENCY—SIGNING INSTRUMENT IN PRESENCE OF AND BY DIRECTION OF ANOTHER IS NOT ACT OF AGENT BUT OF PARTY HIMSELF.

The rule is well settled that an act done by a person in the presence of another, and by his direction or with his consent, as the signing or execution of a sealed or written instrument, for example, is not regarded as the act of an agent, but is the direct act of the person by whose direction it is done.

This case was decided by Division B.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter*, for Plaintiff in Error;

*C. L. Wilson*, for Defendants in Error.

TAYLOR, J.—The defendants in error as plaintiffs below sued the plaintiff in error as defendant below in the Circuit Court of Jackson County to recover the sum of one hundred and fifty dollars alleged to have been subscribed by the defendant under his hand and seal to aid in the construction of a railroad from Blountstown to Marianna in said county of Jackson. There was a verdict and judgment for the plaintiff's below which the defendant below brings here for review by writ of error. There is in reality but one question presented and that is whether the instrument of writing under seal that is sued on is binding upon the defendant. The circumstances under which it was signed are substantially as follows: The citizens of the town of Marianna held a public meeting in their court house for the purpose of getting up subscriptions of money to induce a railroad company to build its road from Blountstown to Marianna, and at said meeting they had subscription lists by which each subscriber agreed under his hand and seal to pay to the plaintiffs as a committee for collection the sums set opposite their respective names. C. C. Liddon, one of the plaintiffs, sat at a table with one of these subscription lists before him putting down the subscriptions as they were announced. The defendant who was present at this meeting told Liddon to put him down for one hundred and fifty dollars which Liddon then and there in the presence of the defendant did, writing the defendant's name on the list before him and setting opposite to his name the sum of $150.00. One of the defendant's pleas was *non est factum*. The contention being that before Liddon could have bound the defendant under seal he should have had authority under seal to so bind him. The rule is well settled both in England and in the United States that an act done by a person in the presence of another, and by his direction or

with his consent, as the signing or execution of a sealed or written instrument, for example, is not regarded as the act of an agent, but is the direct act of the person by whose direction it is done. 1 Clark & Skyles on Law of Agency, sections 15 and 52 c.; Ball v. Dunsterville, 4 Term Rep. 313; King v. Inhabitants of Longuor, 4 Barn. & Adolphus, p. 647; Kidder v. Prescott, 4 Foster (N. H.) 263; Fox v. Norton, 9 Mich. 207; Lord v. Lord, 58 N. H. 7, 42 Am. Rep. 565; Mutual Benefit Life Ins. Co. v. Brown, 30 N. J. Eq. 193; Mackay v. Bloodgood, 9 John. (N. Y.) 284; Fichthorn v. Boyer, 5 Watts (Pa.) 159, 30 Am. Dec. 300; Fitzpatrick v. Engard, 175 Pa. St. 393, 34 Atl. Rep. 803; Gardner v. Gardner, 5 Cush. (Mass.) 483, 52 Am. Dec. 740; Reinhart v. Miller, 22 Ga. 402, 68 Am. Dec. 506; Jansen v. McCahill, 22 Cal. 563, 83 Am. Dec. 84; Lewis v. Watson, 98 Ala. 479, 13 South. Rep. 570, 39 Am. St. Rep. 82.

These are various assignments of error raising technical questions as to the pleadings, and the introduction of evidence and as to one charge given by the judge, we have examined all of these objections, and have come to the conclusion that although there may have been error from a hypertechnical standpoint, yet the case seems to have been tried and decided on its real merits, and we see nothing in any of the rulings below that will justify a reversal of the judgment of the Circuit Court, and such judgment is, therefore, hereby affirmed at the cost of the plaintiff in error.

Hocker and Parkhill, J. J., concur;

Whitfield, C. J., and Shackleford and Cockrell, J. J., concur in the opinion.